IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY FORD BANISTER, II | ) | |
| | ) | Case No. 17-cv-8940 |
| | ) | |
| Plaintiff, | ) | **Judge Ruben Castillo** |
| | ) | |
| v. | ) | **Magistrate Michael T. Mason** |
| | ) | |
| JEFFREY STEWART FIRESTONE, | ) | |
| CHEN HONGMEI, AKA LILY LIU, | ) | |
| AKA JOYCE LIU, LIU CHENGZE, | ) | |
| AKA ERIC LIU | ) | |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY INJUNCTION ORDER

THIS CAUSE being before the Court on Plaintiff Larry Ford Banister, II's ("Plaintiff") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the above named Defendants as fully identified in the Amended Complaint (collectively, the "Defendants").

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their fraudulent business and unauthorized practice of law activities toward consumers in the United States, including Illinois and specifically the Northern District of Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive websites through which Illinois residents can purchase unauthorized and unqualified legal services which are being marketed through use of Plaintiff's copyrighted creative works.

1

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a prima facie case of copyright infringement because (1) Defendants knowingly, after having been served with notice of infringement, used Plaintiff's copyrighted creative works to generate fees for a fictive law firm and (2) Defendants are not licensed or authorized to use any of the Plaintiff's copyrighted created works. Furthermore, Defendants' continued and unauthorized use of Plaintiff's copyrighted creative works irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Versace has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions, to restrain Defendants Chen and Liu from continuing the fraudulent operation of a fictive law firm targeting consumers of legal services in cases brought before this Court and to prevent Defendants Chen and Liu from continued engagement in the unauthorized practice of law in violation of the Illinois Attorney's Act.

Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a. using Plaintiff's copyrighted creative works, reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale legal services for any purpose;

   b. passing off, inducing, or enabling others to perform any act utilizing Plaintiff's copyrighted creative works without Plaintiff's authorization, control or supervision;

   c. committing any acts calculated to cause consumers to believe that Defendants' unauthorized legal services are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing Plaintiff's intellectual property and damaging Plaintiff's goodwill;

   e. engaging in or suborning the unauthorized practice of law as defined by the Illinois Attorney's Act.

2. The domain name registry for www.gbclegalaid.us, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiff's choosing:

   a. unlock and change the registrar of record of www.gbclegalaid.us to a registrar of Plaintiff's selection until further ordered by this Court; or

   b. disable the Defendant Domain Names and make them inactive and un-transferable until further ordered by this Court.

3. The domain name registrars, including, but not limited to, GoDaddy Operating Company LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com ("PDR"), and Namecheap Inc. ("Namecheap"), within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall take any steps necessary to transfer the www.gbclegalaid.us to a registrar account of Plaintiff's selection so that the www.gbclegalaid.us can be redirected or disabled until further ordered by this Court.

4. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites, at www.gbclegalaid.us or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, and Alibaba, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo, and domain name registrars, including, but not limited to, GoDaddy, Name.com, PDR, and Namecheap, (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with www.gbclegalaid.us, and Defendants' financial accounts, as well as providing a

full accounting of Defendants' sales and online listing history related to their respective Online Marketplace Accounts and www.gbclegalaid.us.

    c. Defendants' websites and/or any Online Marketplace Accounts;

    d. Any domain name registered by Defendants; and

    e. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

    5. Upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including the Third Party Providers as defined in Paragraph 4, shall within five (5) business days after receipt of such notice:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of legal services using Plaintiff's copyrighted creative works;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of unauthorized legal services and using the Plaintiff's copyrighted creative works.

    c. take all steps necessary to prevent links to the www.gbclegalaid.us from displaying in search results, including, but not limited to, removing links to www.gbclegalaid.us from any search index.

5

6. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

a. locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to the operation of www.gbclegalaid.us, the e-mail addresses identified in the Declaration of Larry Ford Banister, II, and any e-mail addresses provided for Defendants by third parties.

8. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by electronically publishing a link to the Amended Complaint, this Order and other relevant documents on a website to which www.gbclegalaid.us and any other websites operated by Defendants transferred to Plaintiff's control will redirect, or by sending an e-mail to the email addresses identified in the Declaration of Larry Ford Banister, II and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "Registrant of www.gbclegalaid.us and all other Defendants identified in the Amended Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise

Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. The Declaration of Larry Ford Banister, II, [Doc. 5] Plaintiff's Sealed Motion for Temporary Restraining Order, [Doc. 6] Plaintiff's Sealed Memorandum in Support of Motion for Temporary Restraining Order [Doc. 7] and the Sealed Temporary Restraining Order [Doc. 11] are unsealed.

10. The $1,000 bond posted by Plaintiff Banister shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

IT IS SO ORDERED.

Dated: January 18, 2018

U.S. District Court Judge Ruben Castillo